**TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
322 Highway 35 South
First Floor
Red Bank, New Jersey 07701
(732) 985-1000
Attorneys for Plaintiff
Evanston Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO:10-cv-6791 (JBS)(AMD) |
| v. : | |
| : | |
| : | **FIRST AMENDED COMPLAINT** |
| VAN SYOC CHARTERED, CLIFFORD : | **FOR DECLARATORY JUDGMENT** |
| VAN SYOC, ESQ., JAMES E. BURDEN, : | |
| ESQ., SEBASTIAN IONNO, ESQ., : | |
| CHERYL ERHART, RICHARD PRESS, : | |
| ESQ., KENNETH WALLACH, ESQ., : | |
| M. DANIEL PERSKIE, ESQ., PERSKIE, : | |
| WALLACH, FENDT & HOLTZ, P.C., : | |
| : | |
| Defendants. : | |
| : | |

Plaintiff, Evanston Insurance Company ("Evanston"), by its attorneys, Traub Lieberman

Straus & Shrewsberry LLP, as and for its Complaint against the defendants, Van Syoc Chartered,

Clifford L. Van Syoc, Esq., James E. Burden, Esq., Sebastian B. Ionno, Esq., Cheryl Erhart,

Richard Press, Esq., Kenneth Wallach, Esq., M. Daniel Perskie, Esq., Perskie, Wallach, Fendt &

Holtz, P.C., alleges the following:

**SUMMARY OF THE ACTION**

1. This action seeks a declaratory judgment declaring that Evanston has no duty to

defend or indemnify defendants, Clifford L. Van Syoc, Esq., Van Syoc Chartered, James E.

Burden, Esq., and Sebastian B. Ionno, Esq., in an action in the Superior Court of New Jersey,

Law Division, Camden County, captioned, *Cheryl Erhart and Richard L. Press v. Clifford L.*

*Van Syoc, Van Syoc Chartered, James E. Burden, Sebastian B. Ionno, Kenneth Wallach, M.*

*Daniel Perskie and Perskie Wallach, Fendt & Holtz, P.C.* (the "Underlying Action"), pursuant to

the terms, conditions, exclusions and provisions of a Lawyers Professional Liability Insurance

Policy issued to Van Syoc Chartered for the period October 4, 2007 to October 4, 2008.

## THE PARTIES

2.       Plaintiff, Evanston, is an Illinois corporation with its principle place of business

in Deerfield, Illinois.  Evanston is a citizen of Illinois.

3.       Van Syoc Chartered (the "Van Syoc Firm") is a New Jersey professional

corporation with its principal place of business in Cherry Hill, New Jersey.  The Van Syoc Firm

is a citizen of New Jersey.

4.       Defendant, Clifford Van Syoc, Esq. ("Van Syoc"), resides in Philadelphia,

Pennsylvania and is a citizen of Pennsylvania.

5.       Defendant, James E. Burden, Esq. ("Burden"), resides in Lumberton, New Jersey

and is a citizen of New Jersey.

6.       Defendant, Sebastian Ionno, Esq. ("Ionno"), resides in Pitman, New Jersey and is

a citizen of New Jersey.

7.       Defendant, Cheryl Erhart ("Erhart"), resides in Atlantic City, New Jersey and is a

citizen of New Jersey.

8.       Defendant, Richard Press, Esq. ("Press"), resides in Linwood, New Jersey and is a

citizen of New Jersey.

9.      Defendant, Kenneth Wallach, Esq., resides in Medford, New Jersey and is a citizen of New Jersey.

10.     Defendant, M. Daniel Perskie, Esq., resides at in Brigantine, New Jersey and is a citizen of New Jersey.

11.     Defendant, Perskie, Wallach, Fendt & Holtz, P.C. (the "Perskie Firm"), is a New Jersey professional corporation with its principal place of business in Atlantic City and/or Northfield, New Jersey.  The Perskie Firm is a citizen of New Jersey.

## JURISDICTION AND VENUE

12.     This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201, as there exists an actual controversy of a justiciable nature between Evanston and Defendants.

13.     This Court has jurisdiction of this matter under 28 U.S.C. § 1332(a)(1), in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of costs and interest.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS OF FACT

### The Van Syoc Firm's Representation of the Erharts on Appeal

15.     Erhart and her husband were represented by Press in a discrimination action against the City of Atlantic City, captioned, *Erhart v. City of Atlantic City*, filed in the United States District Court, District of New Jersey, Civil Action No.: 00-cv-6209 (JHR) (JBR) ("Erhart Action")

16.     On October 12, 2004, the first jury trial in the Erhart Action resulted in a jury award to Erhart of $708,700, consisting of $208,000 in general damages and $500,000 in punitive damages.

17.     The defendants in the Erhart Action successfully moved for a new trial on damages, which resulted in an award of $50,000 in compensatory damages and no award of punitive damages.

18.     Subsequently, the court denied Erhart's motion for additur, or in the alternative, for a new trial, but awarded her pre-judgment interest, $181,375 in fees and $8,071.16 in expenses.

19.     Van Syoc and the Van Syoc Law Firm agreed to represent Erhart in her appeal to the United States Court of Appeals for the Third Circuit ("Third Circuit").

20.     A written agreement, dated September 6, 2006, was entered into by Erhart and the Van Syoc Law Firm, which was modified by a letter agreement, dated November 6, 2002.

21.     On October 18, 2006, Van Syoc timely filed a Notice of Appeal from "all issues which arise from the Order of Judgment, dated September 19, 2006, and entered and filed on September 20, 2006, together with all rulings prior to entry of the Order adverse to the plaintiffs."

22.     Van Syoc requested and was granted an extension of time to file the appeal brief, but ultimately failed to do so.

23.     By Order, dated August 24, 2007, the Third Circuit dismissed Erhart's appeal for failure to timely prosecute.

24.     By letter dated August 29, 2007, Press advised Van Syoc as follows:

More surprisingly, and shockingly, is the Order I received that I first looked at today from the 3rd Circuit dismissing the Appeal for failure to timely prosecute. This will result in the City making payment to Ms. Erhart and myself of the 2nd case smaller awards (inclusive of fees, etc) and by necessity and unfortunate [sic] (despite the only two lawsuits against me being filed by you) a claim by Ms. Erhart and my firm against your carrier. In view of this, unless you somehow overturn the very clear

Order of the Third Circuit for your offices' failure to timely submit the brief, I must protect my client and myself by asking you to submit this letter to your carrier.

25.     On October 5, 2007, Van Syoc moved to vacate the order dismissing the appeal, arguing that he failed to file the brief due to medical problems and, in part, due to this receipt of Press' August 29 letter "placing [him] on notice of a malpractice claim."

26.     By Order, dated October 19, 2007, the Third Circuit denied the motion to vacate the August 24 Order dismissing the appeal.

27.     The October 19 Order also provided that it was entered "without prejudice to appellants right to file an application to vacate the dismissal with new counsel within sixty days of the date of this Order . . . ."

28.     On December 7, 2007, the Van Syoc Firm filed another motion to vacate the dismissal that was denied by Order, dated January 4, 2008, because the Van Syoc Firm was still representing Erhart, despite the Third Circuit's clear directive requiring new counsel to file the application to vacate the dismissal.

29.     On April 9, 2008, Erhart, with the Van Syoc Firm still acting as counsel, sought clarification of the January 4 Order and requested permission to file Erhart's appellate brief. The motion was denied by Order, dated July 2, 2008.

30.     By letter dated June 30, 2008, Press advised Van Syoc to turn over said letter to his malpractice provider.

31.     By letter dated October 8, 2008, Van Syoc reported the matter to Evanston.

**The Policy and Application**

32.     The application for the renewal of the Van Syoc's existing Evanston Lawyer's Professional Liability Policy was dated October 2, 2007 and signed by Clifford L. Van Syoc ("07/08 Application"). A true and accurate copy of the 07/08 Application is annexed hereto as Exhibit "A."

33.     Section VI. "Insurance and Claim History" of the 07/08 Application asks the following question:

> 7.     Is (are) any person(s) or entity(ies) proposed for this insurance
>
> aware of any fact, error, omission, circumstances or situation
>
> that might provide grounds for any claim under the proposed
>
> insurance? ... [] Yes [] No

34.     Mr. Van Syoc answered "No" to question VI(7) and did not complete a Supplemental Claim Form for the Erhart Appeal.

35.     Based in part on the Van Syoc Firm's responses to question VI(7) on the 07/08 Application, Evanston issued a renewal of the existing claims made Lawyers Professional Liability Policy ("07/08 Policy"). The 07/08 Policy was issued for the period October 4, 2007 to October 4, 2008 and is subject to limits of liability of $1,000,000 each claim and in the aggregate, and a deductible of $25,000. A true and accurate copy of the 07/08 Policy is annexed hereto as Exhibit "B."

36.     The Insuring Agreement states, in relevant part:

**Insuring Agreement**

The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in Item 5. of the Declarations, which the Insured shall become legally obligated to pay as Damages as a result

of Claims first made against the Insured during the Policy Period or the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision, by reason of:

A.      a Wrongful Act arising out of Professional Legal Services; or

B.      Personal Injury committed by the Insured;

Provided:

1.      the entirety of the Wrongful Act or Personal Injury happens during the Policy Period or on or after the Retroactive Date stated in Item 7. of the Declarations; and

2.      **prior to the effective date of this Policy no Insured had any knowledge of such Wrongful Act or Personal Injury or any fact, circumstance, situation or incident which would lead a reasonable person in that Insured's position to conclude that a Claim was likely.**

(Emphasis added).

37.      The 07/08 Policy also contained Endorsement No. 3 which provides as follows:

**EXCLUSION OF KNOWN CLAIMS/INCIDENTS**

In consideration of the premium paid, it is hereby understood and agreed that this policy shall not apply to any claim made against any Insured based upon, arising out of, or in any way involving:

(I)      any Wrongful Act, any fact, circumstance, situation or incident referred to in answer to any question of the application attached to this policy, or if this policy is a renewal or replacement of any policy issued by the Company or any of its affiliated companies, the application attached to the initial policy; or

(ii)      any Claim of which any Insured had knowledge as of the inception date of this policy, or if this policy is a renewal or replacement of any policy issued by the Company or any of its

affiliated companies, as of the inception date of the initial policy.

38.     The Definitions section sets forth the following pertinent definitions:

"Claim" is defined to mean "a demand received by Insured for Damages and shall include the service of suit or institution of arbitration proceedings against the insured." and

The Policy defines "Wrongful Act" to mean "any act, error or omission by the Insured in rendering or failing to render Professional Legal Services for others."

## The Claim

39.     By letter dated October 2, 2008, enclosing Press' June 30, 2008 letter, Van Syoc first advised Evanston about Erhart's and Press' claims and or potential claims.

40.     By letter dated October 2, 2008, from Robert Blonn at Markel Shand, Inc., Evanston acknowledged notice of the claims and/or potential claims.

41.     By letter dated February 10, 2009, from Meryl R. Lieberman, Esq. of Traub Lieberman Straus & Shrewsberry LLP, to Van Syoc, Evanston reserved its right to deny coverage for Erhart's and Press' claims and/or potential claims.

42.     By letter dated October 15, 2010, Van Syoc tendered the summons and complaint served upon him in the Underlying Action ("Complaint").

43.     The Complaint alleges on behalf of Erhart causes of action sounding in negligence (First Count), negligent misrepresentation (Second Count), fraud (Third Count) and breach of contract (Fourth Count).

44.     The Complaint similarly alleges on behalf of Press causes of action sounding in negligence (Fifth Count), negligent misrepresentation (Sixth Count), fraud (Seventh Count) and breach of contract (Eight Count).

45.     By letter dated November 17, 2010, from Cheryl P. Vollweiler, Esq., of Traub Lieberman Straus & Shrewsberry, LLP, to the Van Syoc Firm, Evanston advised Van Syoc, Burden and Ionno that no coverage was available under the policy for Underlying Matter.

46.     By letter dated December 7, 2010, the Van Syoc firm appealed Evanston's denial of coverage.

47.     By letter dated December 23, 2010, from Jeanette Bourey McDonough, Claims Counsel for Markel, to the Van Syoc Firm, Evanston affirmed its denial of coverage.

## FIRST COUNT

48.     Evanston repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     Prior to completing the Application for the 07/08 Policy, the Van Syoc Firm was aware of the facts and circumstances that resulted in the Erhart and Press claims and should have reasonably anticipated they would result in a claim.

50.     Based upon the foregoing, the claims made in the Underlying Action do not fall within the terms of the Insuring Agreement and Evanston owes no coverage to the Van Syoc Firm and/or any of its current or former members, employees or agents for the Underlying Action.

## SECOND COUNT

51.     Evanston repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

52.     Pleading in the alternative, the 07/08 Policy was obtained by either mutual mistake of the parties or by unilateral mistake on the part of Evanston occasioned by the Van Syoc Firm deliberately misleading Evanston as to the true facts with respect to Erhart's and Press' potential claims against the Van Syoc Firm.

53.     Because of this mistake, there was no meeting of the minds when the 07/08 Policy was issued and the 07/08 Policy does not express the intended agreement of the Parties.

54.     Accordingly, the Policy must be reformed to exclude coverage for any and all claims and suits arising out of, related in any way to or having anything whatsoever to do with the Van Syoc Firm's representation of Erhart and Press on the appeal.

**WHEREFORE**, Evanston respectfully requests that this Court enter judgment in its favor:

(a)     Declaring that the 07/08 Policy affords no coverage to any insured for the claims made against them in the Underlying Action; and

(b)     In the alternative, reforming the 07/08 Policy to exclude coverage for any and all claims and suits arising out of or related in any way to the Van Syoc Firm's representation of Erhart and/or Press on the appeal; and

(c)     Awarding Evanston its fees and costs; and

(d)     Any and all other relief which just and equitable.

Respectfully submitted,

**TRAUB LIEBERMAN STRAUS**
**& SHREWSBERRY LLP**
Attorneys for Evanston Insurance Company

Dated: December 30, 2010         By:____/s/ *Aileen F. Droughton*_____
                                         Aileen F. Droughton
                                         322 Highway 35 South
                                         First Floor
                                         Red Bank, New Jersey 07701
                                         (732) 985-1000