```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EVANSTON INSURANCE COMPANY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-6791 (JBS/AMD) |
| v. |  |
| VAN SYOC CHARTERED, et al. | **OPINION** |
| Defendants. |  |

APPEARANCES:

Aileen F. Droughton, Esq.
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
322 Highway 35 South, First Floor
Red Bank, NJ 07701
    Counsel for Plaintiff

Robert E. Margulies, Esq.
MARGULIES WIND, PC
Harborside Financial Center
Plaza 10- Suite 1201
3 Second Street
Jersey City, NJ 07311
    Counsel for Defendant Richard Press, Esq.

**SIMANDLE**, Chief Judge:

**I.   INTRODUCTION**

This action is before the Court on the motion of Defendant Richard Press, Esq., joined by all co-defendants, to dismiss the Amended Complaint.  [Docket Items 22, 23, 25, 28 & 29.] Plaintiff Evanston Insurance Company seeks a declaratory judgment that it owes no duty to defend or indemnify Defendants Van Syoc Chartered, Clifford Van Syoc, Esq., James E. Burden, Esq., and Sebastian Ionno, Esq. ("the Van Syoc Defendants") in an

underlying malpractice action currently pending before the New Jersey Superior Court. Defendant Press, who is a plaintiff in the underlying action, argues that the Court should abstain from hearing this declaratory judgment action under the abstention doctrine articulated in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Plaintiff opposes the motion, arguing that the Brillhart-Wilton doctrine does not apply in this circumstance for a number of reasons, including that the underlying malpractice action is not sufficiently parallel to the federal declaratory judgment action. For the reasons discussed below, the Court will grant Defendant's motion to dismiss without prejudice to refiling in the New Jersey Superior Court.

**II.   BACKGROUND**

For the purposes of this motion, the parties do not dispute the essential relevant facts, which the Court has largely taken from Plaintiff's Amended Complaint. In brief, the instant declaratory judgment action seeks a declaration that Plaintiff Evanston Insurance Company does not owe a duty under a professional malpractice insurance policy to defend or indemnify certain attorney parties (the Van Syoc Defendants) in an underlying state malpractice action. The underlying malpractice action involves the representation of Defendant Cheryl Erhart by

the Van Syoc Defendants in an appeal before the Third Circuit Court of Appeals in 2006-2008.

In November of 2000, Erhart sued the City of Atlantic City, New Jersey, and other defendants for damages related to claims of employment discrimination, which was shortly thereafter removed to the United States District Court for the District of New Jersey.  See Erhart v. City of Atlantic City, Civ. No. 00-06209, 2006 WL 2385061 *1 (D.N.J. Aug., 17, 2006).  In that action, Richard Press, Esq. (moving Defendant in the instant motion) acted as Erhart's attorney before the District Court.  On October 12, 2004, Erhart won a jury verdict including a general damages award of $208,800 against Atlantic City.  Id.  A few days later, at a punitive damages trial, the jury awarded an additional $500,000 in punitive damages.  Id.  Atlantic City thereafter moved for a new trial, which the court granted as to damages only, and on March 22, 2006, the jury at the new trial returned a compensatory damages award in favor of Erhart in the amount of $50,000, and the jury awarded no punitive damages.  Id.; Am. Compl. ¶ 16 [Docket Item 1.]  Following further motion practice, the district court entered final judgment which included various additional awards of counsel fees and costs.  Id. at *4-23; Am. Compl. ¶ 18.

Erhart thereafter allegedly decided to appeal the court's order granting a new trial and the lesser damages award; to that

end she retained Defendant Clifford Van Syoc, Esq. and Defendant Van Syoc Chartered to represent her in her appeal to the Third Circuit.  Am. Compl. ¶ 19.  On August 24, 2007, the Third Circuit dismissed Erhart's appeal for failure to timely prosecute, allegedly due to Van Syoc's failure to file an appellate brief.  Am. Compl. ¶¶ 22-23.  On August 29, 2007, Press allegedly notified Van Syoc by letter of his and Erhart's intent to bring a claim against Van Syoc, apparently for malpractice, unless Van Syoc managed to vacate the dismissal, and requested that Van Syoc forward the letter to his insurance carrier, Evanston Insurance Company.  Id. ¶ 24.  Van Syoc allegedly did not forward the August 29, 2007, letter.  Id. ¶ 39.

On October 2, 2007, Van Syoc submitted an application to renew the Van Syoc Firm's existing Lawyer's Professional Liability Policy with Evanston.  Id. ¶ 32.  The application allegedly contained a representation by Van Syoc that he was unaware of any "fact, error, omission, circumstances or situation that might provide grounds for any claim under the proposed insurance."  Id. ¶¶ 33-34.  Evanston renewed Van Syoc's policy on October 4, 2007, allegedly based in part on its reliance on Van Syoc's representation regarding the absence of any known claims.  Id. ¶ 35.  The renewed policy includes various exclusions for any claim made against an insured party under the policy of which the insured was aware prior to the effective date of the policy.  Id.

4

¶¶ 36-38.

Meanwhile, Van Syoc, continuing to represent Erhart before the Third Circuit, filed various motions attempting to vacate the Circuit's order dismissing the appeal, the last of which was denied on July 2, 2008.  Id. ¶ 29.  On June 30, 2008, Press again advised Van Syoc to notify Evanston of his and Erhart's impending malpractice action.  Id. ¶ 30.  Van Syoc allegedly first notified Evanston of the claim on October 8, 2008.  Id. ¶¶ 31, 39.

Erhart and Press filed their malpractice complaint against, inter alia, the Van Syoc Defendants on October 4, 2010 in the Superior Court of New Jersey, Camden County Law Division ("the underlying action").  See Docket Number CAM-L-005005-10.[1]  Van Syoc notified Evanston of the existence of the summons and complaint by letter dated October 15, 2010.  Am. Compl. ¶ 42.  On November 17, 2010, Evanston notified the Van Syoc Defendants "that no coverage was available under the policy" for the malpractice action.  Id. ¶ 45.  Van Syoc appealed this denial of coverage, which Evanston affirmed on December 23, 2010.  Id. ¶¶ 46-47.

Evanston then filed its declaratory judgment Complaint in

---

[1] The other named Defendants in this declaratory judgment action are the remaining defendants in the underlying action: Attorneys Kenneth Wallach, Esq., M. Daniel Perskie, Esq., and the firm Perskie, Wallach, Fendt & Holtz, P.C.  Margulies Cert. Ex. 2.  The relationship of these Defendants to Defendants Press, Erhart, and the Van Syoc Defendants is not relevant to the instant motion.

5

the instant matter in this Court on December 28, 2010, and filed its Amended Complaint on December 31, 2010. [Docket Items 1 & 4.] The instant motion to dismiss was initially filed by Defendant Richard Press [Docket Item 22], though over the course of the following month, prior to Plaintiff's filing opposition, the other Defendants joined in the motion.  [Docket Items 23, 25, 28, & 29.]  In other words, all Defendants favor this Court's exercise of Brillhart-Wilton abstention so that this declaratory judgment action may proceed in state court in coordination with the related legal malpractice action.

**III. DISCUSSION**

    **A.**    **Brillhart-Wilton Abstention Doctrine**

This Court exercises diversity jurisdiction, 28 U.S.C. § 1332, solely pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), as the sole relief sought in the Amended Complaint is the declaration of the parties' rights under an insurance policy. No monetary relief is sought, although it is clear that financial consequences would flow from a declaration of rights.

Defendant Press moves to dismiss on the basis of an abstention doctrine initially articulated in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) and clarified in Wilton v. Seven Falls Co., 515 U.S. 277 (1995).  These cases hold that a federal district court's jurisdiction under the Declaratory Judgment Act

is discretionary. Brillhart, 316 U.S. at 494; Wilton, 515 U.S. at 282. Therefore, the cases held, based on considerations of judicial economy and efficiency, federal courts act within their discretion to abstain from hearing a declaratory judgment action that turns on an application of state law if the issues in dispute will be addressed in a parallel state court action. "[W]hen a federal suit is brought under the Federal Declaratory Judgments Act, presenting only questions of local laws, the court is under 'no compulsion to exercise [ ] jurisdiction' if a parallel state court proceeding would address the matters in controversy between the parties." Marshall v. Lauriault, 372 F.3d 175, 183 (3d Cir. 2004) (quoting Brillhart, 361 U.S. at 495). "Brillhart makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequesites." Wilton, 515 U.S. at 282.

The Supreme Court has distinguished this basis for abstention from other forms of abstention, such as those discussed in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), where the federal complaint at issue sought relief other than merely declaratory relief. In Wilton v. Seven Falls Co., the Supreme Court explained that, in cases such as Colorado River, where the complaint seeks injunctive relief or

7

money damages, "the federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress" and only "exceptional circumstances" would warrant dismissal on the basis of abstention.  Wilton, 515 U.S. at 284 (quoting Colorado River, 424 U.S. at 813).  By contrast, the Court explained, "[d]istinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion [to abstain from hearing the action] in declaratory judgment actions."  Id. at 286.  Specifically, the Court pointed to the discretionary language of the Declaratory Judgment Act.  Id. at 286-87 ("The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of law. . .").[2]

Thus, the Supreme Court announced that a district court acts within its discretion to stay or dismiss a declaratory judgment action "where parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court."  Id. at 290.  The Third Circuit has announced four factors for a district court to consider in determining whether

---

[2] In particular, the Court pointed to the language of the Declaratory Judgment Act conferring jurisdiction on federal courts, 28 U.S.C. § 2201(a).  See Wilton, 515 U.S. at 286 ("On its face, the statute provides that a court 'may declare the rights and other legal relations of any interested party seeking such declaration.'") (emphasis original).

to abstain in this circumstance, involving insurance coverage issues:

> 1. Whether "the same issues are pending in a state court"
> 2. "an inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;"
> 3. "Avoidance of duplicative litigation"; and
> 4. Whether the declaratory judgment action raises questions of federal or only state law.

State Auto Insurance Companies v. Summy, 234 F.3d 131, 134-35 (3d Cir. 2001).

The parties in the instant motion address only the first and third of these factors, which they describe as (1) whether the underlying action is "parallel" to the instant action, and (2) whether abstention in favor of consolidation or coordination in state court would improve judicial efficiency and economy. Defendant argues that dismissal is warranted in this case because the underlying malpractice action is parallel to the instant declaratory judgment action and that considerations of judicial efficiency and economy warrant dismissal of this action so that the New Jersey Superior Court can address all the related issues together.

Plaintiff opposes on both grounds.  First, Plaintiff argues that the Brillhart-Wilton abstention doctrine is not applicable here because the underlying malpractice action is not truly "parallel" to the instant declaratory judgment action, in that

9

distinct factual and legal issues are at stake in the two different proceedings. Second, Plaintiff argues that efficiency considerations do not warrant dismissal because the two actions raise different factual and legal issues. Thus, Plaintiff argues, if Plaintiff is compelled to raise its insurance coverage issue in the same New Jersey court that is hearing the underlying malpractice suit, the Superior Court and the parties will be compelled to conduct the same discovery and legal argument there as in this Court. At best, Plaintiff argues, adjudication will be no more efficient there than here, and, at worst, it may be prejudicial to Plaintiff if the Superior Court were to attempt to consolidate the trial of the malpractice issue and the coverage issue before the same jury.

The Court will address these two issues in turn.

### B. Parallel or Related Actions

Plaintiff suggests that the Court only has discretion to abstain under the Brillhart-Wilton abstention doctrine when the underlying state action is strictly parallel to the federal declaratory judgment action, and that if the actions are not parallel, then the stricter "exceptional circumstances" standard of the Colorado River doctrine applies. Plaintiff argues that "The Wilton standard limits the court's discretion to those instances in which parallel state court proceedings are pending in state court." Pl.'s Brief in Opposition at 8.

The Court finds that this is an incorrect reading of Wilton. The Wilton Court made it clear that a federal court's jurisdiction to hear a declaratory judgment action on a state law question is always discretionary, and that it is an appropriate use of that discretion to abstain when there is a parallel action proceeding in state court. Wilton at 289-290. The Court was silent on how far the district court's discretion in declaratory judgment actions extends.

> [D]istrict courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion. We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings. Like the Court of Appeals, we conclude only that the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court.

Id.[3]

Proceeding from this misunderstanding of Wilton, Plaintiff

---

[3] Plaintiff cites the Eighth Circuit case of Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994 (8th Cir. 2005) in support of its reading of Wilton that the district court's discretion to abstain is limited to only cases with a parallel underlying proceeding in state court. For the reasons explained above, the Court finds this interpretation of Wilton to be too narrow, finding support in the Third Circuit case of Atlantic Mut. Ins. Co. v. Gula, 84 F. App'x 173 (3d Cir. 2003), discussed below.

11

argues that the Court lacks discretion to abstain in this case because the insurance coverage issue at stake in this action is not presently at issue in the underlying action and is distinct from the issues that are in dispute there. The underlying action, Plaintiff argues, raises the issue of whether the defendants breached a professional duty of care through their representation of Erhart before the Third Circuit. That issue, Plaintiff argues, is factually and legally distinct from the coverage issue raised in this action, which is whether the Van Syoc Defendants were aware of the Erhart/Press malpractice claims at the time the coverage renewal application was prepared and prior to the renewal date in October of 2007. Plaintiff argues that the coverage issues can be decided in the instant action without interfering with or disturbing the underlying malpractice action. Defendant responds that the cases are parallel because to decide the coverage issue raised in the instant declaratory action, the Court will necessarily be required to "delve into the claims of legal malpractice."

    The question before the Court therefore is not, as Plaintiff suggests, whether the underlying malpractice action is sufficiently parallel to qualify for discretionary abstention under Brillhart-Wilton, but rather, whether the underlying action is strictly parallel to the instant declaratory judgment action, and, if not, whether abstention under the Declaratory Judgment

Act is appropriate in this particular circumstance anyway.

On the issue of whether the actions are strictly parallel, Plaintiff argues that the Court should apply the definition of "parallel actions" as it is used in cases considering the Colorado River abstention. See, e.g., Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997) ("A threshold issue that must be decided in any Colorado River abstention case is whether the two actions are 'parallel.' If they are not, then the district court lacks the power to abstain. . . . Generally, cases are parallel when they involve the same parties and claims.") Under Plaintiff's articulation of the standard, the underlying action is not parallel with the declaratory action unless the Van Syoc Defendants had explicitly filed a declaratory judgment action in the state court seeking a declaration that Plaintiff Evanston owes them a duty to defend under the insurance policy.

The Court agrees with Plaintiff that the instant declaratory judgment action is not strictly parallel to the underlying malpractice action such that it would satisfy the threshold inquiry under Colorado River, because Plaintiff Evanston Insurance Company is not currently a party to the underlying action, and the insurance coverage issue is not currently contested in the underlying issue. Further, the Superior Court action is not addressing the issue of insurance coverage. Therefore, the Court must determine whether, despite this lack of

13

strict parallelism, the Court should still exercise its discretion to abstain in this circumstance.

On this issue, Defendant cites to several cases within this Circuit where courts have exercised discretion to abstain under the Brillhart-Wilton doctrine despite the absence of exactly parallel claims being raised in the underlying state action. Specifically, Defendant points the Court to the recent District of New Jersey case of OneBeacon Ins. Co. v. Velicia Bonnano Russell, Civ. No. 11-870, 2011 U.S. Dist. LEXIS 46312 (D.N.J., Apr. 29, 2011). There, the Court dismissed a declaratory judgment action regarding legal malpractice insurance coverage despite the fact that the insurance coverage issue had not explicitly been raised in the state court malpractice proceeding below, reasoning that "[a] determination as to any claim in the Declaratory Judgment Action would necessarily affect -- and thus interfere with -- the State Tort Action." Id. at *1-2.

Further, the Court finds instructive the Third Circuit's non-precedential opinion of Atlantic Mutual Ins. Co. v. Gula, 84 F. App'x 173 (3d Cir. 2003). There, as here, the specific insurance coverage issue had not yet been raised in the underlying state tort action, but the Third Circuit found that the district court did not abuse its discretion by abstaining from deciding the federal declaratory judgment action, reasoning that "even if the coverage issue is not currently pending, it

14

will as a matter of logic necessarily arise before the matter is concluded in state court." Id. at 175.

Similarly, here, the Court reasons that while the coverage issue is not yet pending in the underlying malpractice action, if Erhart and Press ultimately prevail against the Van Syoc defendants, the coverage issue will inevitably arise and be addressed either as a third-party complaint filed by Van Syoc or as a separate complaint filed by either Evanston Insurance Company or Van Syoc. It is also significant that every party in the related state court malpractice action is a defendant here and seeks to have the coverage issues litigated in the state court. Thus, the Court concludes that discretionary abstention is warranted because of the closely related underlying state court action.

### C. Efficiency and Judicial Economy

On the issue of efficiency and judicial economy, Plaintiff argues that no efficiency will be gained by dismissing the action because the issue is not strictly "duplicative" of the underlying action, and consolidating the insurance coverage action for trial would be prejudicial to Plaintiff Evanston, citing Krohn v. New Jersey Full Ins. Underwriters, 316 N.J. Super. 477 (App. Div. 1998), which held that it is inappropriate for counsel in a tort suit to make the jury aware of insurance coverage issues because doing so may cause the jury to "recklessly award damages based

15

upon the perceived 'deep pockets' of the carrier." Id. at 484.

Defendant responds that the question of the insurance coverage issue being consolidated for trial is a red herring, as no such suggestion has been made.  However, Defendant argues, the coverage issues need not be consolidated for trial before a jury to benefit from the efficiencies of being consolidated before the same court.  Defendant suggests, for example, that discovery issues could be addressed more efficiently if consolidated.  The Court looks for guidance, again, to Summy, which stated that abstention was warranted to avoid "piecemeal litigation." State Auto Ins. Cos. v. Summy, 234 F.3d at 135.  "[T]he prospects for coordinated management and alleviation of abrasion are greater when the litigation is handled under one jurisdictional roof." Id. (quoting Mitcheson v. Harris, 955 F.2d 235, 240 (4th Cir. 1992)).

Applying this reasoning to the current action, the Court again concludes that this factor favors abstention.  The Court agrees with Defendant that discovery issues could be addressed more efficiently if the coverage issue is coordinated for case management with the underlying malpractice issue.  See Summy at 135-36 ("If the District Court had not interfered, the state court would have been able to develop a coordinated schedule of briefing and discovery that would have promoted the efficient resolution of both the declaratory judgment action and the

16

underlying tort action, thereby conserving judicial resources as well as those of the parties."). All parties to the state court action agree that the resolution of these cases would be enhanced by coordinated management in the state court, rather than retaining the coverage case in federal court. Further, the Court notes that other issues of case management, such as settlement negotiations, could potentially be more efficiently addressed if all interested parties are included in cases pending in the same court. Consequently, the Court finds that this factor favors abstention.

### D. Issue of State Law

Finally, the Court agrees with Defendant that because the instant declaratory judgment action involves only an application of state contract law,[4] this Summy factor also favors abstention. While the Summy court was particularly concerned with whether the federal declaratory judgment action raised any issues of unsettled state law, the court also reasoned that the absence of any questions of federal law, and the presence of settled state law also weigh in favor of abstention.

> It follows that the state's interest in resolving its own law must not be given short shrift simply because one party or, indeed,

---

[4] The Court notes that the parties have argued the motion on the assumption that New Jersey law would control the interpretation of the insurance contract at issue, but provide no reasoning or analysis on the point. The Court therefore assumes without deciding that New Jersey law controls this action.

17

> both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare.

Summy, 234 F.3d at 136.

**IV.   CONCLUSION**

The Supreme Court and the Third Circuit are clear that the Court's exercise of declaratory judgment jurisdiction is discretionary. When, as here, an insurance declaratory judgment action raises only an issue of state law, which will inevitably be addressed in a parallel underlying state court tort action, and which can be addressed more efficiently by coordination with the underlying state court action, the district court should exercise its discretion to abstain from hearing such an action. Applying this rule to the present action, and recognizing the joint wishes of all parties in the related malpractice case to have this declaratory judgment action proceed in coordinated fashion in state court, the Court concludes that abstention is appropriate here, and will consequently grant Defendant's motion to dismiss, without prejudice to Plaintiff Evanston's recommencing the declaratory judgment action in the Superior Court of New Jersey, Law Division, Camden County, within thirty days of the entry of the accompanying Order. The Superior Court

will presumably coordinate the case management of this declaratory judgment action with the underlying malpractice case in accordance with the Superior Court's usual practices, placing both related matters under the same judicial roof.

The accompanying Order shall be entered.


**March 12, 2012**             　  s/ Jerome B. Simandle
Date                                JEROME B. SIMANDLE
                                    Chief United States District Judge